THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL MILLS, Defendant and Appellant.

No. CR-68-20.      Decided October 23, 1968.

*Benigno Pacheco Tizol* and *Manuel Medina Adorno* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was accused and convicted by the court, after waiving his right to a trial by jury and after the pertinent legal warnings, of a violation of § 29 of Act No. 48 of June 18, 1959—Narcotics Act of Puerto Rico (24 L.P.R.A. § 974z(3))—because ". . . on or about Septem-

ber 3, 1966, and in Santurce, Puerto Rico . . . he unlawfully, wilfully, criminally, and maliciously had in his possession and control the narcotic drug known as marihuana." He was sentenced to serve from seven to twelve years in the penitentiary at hard labor.

Feeling aggrieved, he assigns on appeal that the trial court erred (1) in not deciding that the witness for the prosecution, Cristina Martínez, was an accomplice whose testimony required corroboration; (2) in concluding that appellant incurred so many contradictions, hesitations, and evasions as said witness did; that it did not give credit to the testimony of the police's chemist and gave credit to that of the police insofar as it prejudiced the defendant but not to the circumstances favorable to him; that it did not consider the admission of the witness Cristina Martínez that she had had the cigarettes for four days; in admitting the cigarettes in evidence without having been identified; (3) that the judge weighed the evidence with passion, prejudice, and partiality; and that (4) the sentence is excessive.[1]

Witness Cristina Martínez testified in synthesis that on September 3, 1966 she worked for Budget Rent a Car in the Condado section; that day she met the defendant when the latter was talking with two of her girl friends. Appellant invited the girls to take a ride to San Juan. The witness was not inclined to accept the invitation because she did not know appellant, but decided to accept in order to accompany her friends. The group left for San Juan but they went to the apartment where appellant lived in T. Llamas Apartments, in Miramar, so that he could change his clothes. Upon arriving, the windows of the apartment were open and appellant closed them, took out a plastic ash tray, put something in it and burned it, producing a blue flame and a

---

[1] In his extensive brief, appellant assigns the commission of ten errors, from *a* to *j* but they are reduced to those set forth above.

strong smell of perfume. Appellant entered into another room and came out with a brown bag. From the bag he took out some thin cigarettes, lighted one and told the persons present that he was going to teach them how to smoke marihuana. He explained the procedure and offered the cigarette to his companions. The witness did not smoke. After a while, the witness decided to leave, then appellant put some cigarettes in a smaller envelope and gave them to the witness to take them with her telling her that she was going to like it. She took them and put them in her purse. Next day she told her boss what had happened and the latter urged her to call the police but she decided to wait until her friends would leave Puerto Rico to keep them clear of problems. On September 6, 1966, after her friends had left for New York, the witness notified the police and when policeman Ricardo Ayuso came to her office she gave him the cigarettes together with the envelope.

The prosecuting attorney showed the witness a small envelope with two cigarettes and she identified them affirming that they were the same ones that the defendant had given her and she had delivered to the policeman.

Submitted to a severe cross-examination she testified that after her friends smoked the cigarettes, they became very gay, like persons who have drank intoxicating liquor, they laughed at everything, even at trivial things.

1. Appellant states in his brief that since the witness retained the cigarettes in question in her possession for three or four days, she violated the law and could be prosecuted for the same offense that appellant, being, therefore, an accomplice in said offense, for which reason her testimony should be corroborated.

We do not agree. An accomplice is one who *wilfully, knowingly, voluntarily and with intent,* somehow joins in the commission of a crime, being, therefore, liable to prose-

cution for the same offense. *People* v. *De Jesús*, 73 P.R.R. 699 (1952); *People* v. *Rosado*, 72 P.R.R. 773 (1951). In the instant case witness, Cristina Martínez, did not know the purpose of going to that apartment; merely the incident of the cigarettes arose on appellant's own initiative. He admits in his testimony that the witness did not use the cigarette he offered her. She left and kept the cigarettes for three or four days not for the purpose of sharing appellant's criminal intent, but in order to keep her friends clear of problems. It does not appear from the record that the witness, Cristina Martínez, intervened with criminal intent in the commission of the offense. Her conduct was not that of a good citizen, but the fact that she knew that an offense had been committed and did not give notice thereof until three or four days later, does not, by itself, make the witness an accomplice. *People* v. *Vázquez*, 20 P.R.R. 338, 352 (1914).

Assignments 2–3 seek to challenge the weighing of the evidence made by the trial judge. They are frivolous. Let us see.

Appellant testified in synthesis that he lives in New York; that he came to Puerto Rico to look for a birth certificate; that he met Cristina and her friends here; that on September 3, 1966 five persons met and knew each other at the same time; they agreed to go to his apartment so that he could change clothes; that upon arriving there Cristina's friends took out two cigarettes. He asked them where did they get them, and they answered that a young fellow had obtained them; that while he changed clothes Cristina's friends smoked; that he took an ash tray, put some perfume in it and burned it so as to eliminate the bad odor from the apartment in order that the cleaning woman would not notice that marihuana had been smoked there. Then they went to San Juan. Miss Martínez went with them also. Later they took Miss Martínez home because it was late and she had to work next day; that he did not offer marihuana

cigarettes to anybody because he has never possessed marihuana; that he is not an addict; next day he went with Cynthia (Cristina's friend) to Luquillo; that he knew that they had two cigarettes but did not know where they got them; he knows that Cristina's friends had them, but that Cristina did not; he did not smoke marihuana nor did Cristina.

Chemist Albert Vázquez Lugo testified that he knows policeman Ricardo Ayuso; that on September 6, 1966 the latter brought him two cigarettes of apparent marihuana in a brown envelope; that he made the analyses for the determination of marihuana; that he made a microscopic study of the cut tobacco and determined the presence of the cystoliths characteristic of marihuana; the presence of a carbonate at the base of these cystoliths indicates the marihuana leaf; then he made the Duquenois test which is specific for the resin of tetrahydro cannabinol; that an extraction of the leaves is prepared and the reagent is added thereto and it gives a characteristic lilac color which indicates the presence of tetrahydro cannabinol. Tetrahydro cannabinol is the active component of marihuana; that the cut tobacco of both cigarettes contained marihuana. On cross-examination he testified that he does not know the amount in the leaves and that he does not know whether the narcotic material of those leaves would be sufficient to change or stun a person who used it.

Policeman Ricardo Ayuso testified that on September 6, through the radio of the police patrol car he was told to go to Budget Rent a Car; he went there and the witness delivered him two cigarettes, allegedly marihuana cigarettes, in a green-yellow envelope. She told him that she had been, on September 3 with a certain Ralph Mills; that she had in her possession the cigarettes since the day of the occurrence. He took the envelope and went to Police Headquarters and delivered them to the chemist Albert Vázquez, showing the

two cigarettes, he initialed the cigarettes and then the chemist proceeded to make the test. Then he summoned Miss Martínez to bring the case before the judge.

■ It is true that there is conflict between what witness Martínez testified and what appellant testified. However, the trial judge settled the conflict adversely to appellant. There is nothing to justify our disturbing such weighing. *People* v. *Rivera Santiago*, 95 P.R.R. 572 (1967).

It is true that the chemist Albert Vázquez testified that he did not know whether the narcotic material of the leaves of the cigarettes would be sufficient to change or stun a person who used it. On the basis of that testimony appellant alleges that the court erred in not believing that testimony. We do not agree. There is evidence in the record that once the two friends of witness Martínez smoked those cigarettes, they, who had behaved normally and reasonably before smoking said cigarettes, when they smoked them, became very gay, happy, and laughed at things which did not provoke laughter, at trivial things. On the other hand, the chemist found in his analysis that the cigarettes contained marihuana, although he could not say in what amount.

The assignment that the policeman Ayuso testified that the envelope was green-yellow while the witness and the chemist said that it was brown lacks merit. Witness Martínez testified that appellant took out some cigarettes from a large brown envelope and then when she was leaving gave her two cigarettes and put them in a smaller envelope. This is the envelope that the policeman says that it is green-yellow. As may be seen, two envelopes were involved. The truth is that the color is immaterial if the small envelope was, as it was, duly identified at the trial.

■ We have read and studied with much care the transcript of evidence and we do not agree that the trial judge acted with passion, prejudice, and partiality. The fact that

the trial judge asked whether a card which appellant was carrying when he testified belonged to him has not the scope which appellant seeks to give it. The prosecuting attorney himself explained that it was a license which belonged to the witness and which the latter had delivered to the prosecuting attorney when the latter asked him whether or not he had a license.

■ (4) This assignment lacks merit. The trial judge sentenced appellant to serve from 7 to 12 years in the penitentiary. Section 33 of Act No. 48 of June 18, 1959 (24 L.P.R.A. § 974dd) provides that "Every person who violates sections 974z–974cc . . . shall be guilty of a felony and shall upon conviction be sentenced to imprisonment for a minimum term of five (5) years or a maximum term of twenty (20) years. . . ." As we see the sentence imposed is within the limits indicated in the act.

The sentence imposed by the Superior Court, San Juan Part, in this case on March 27, 1967, will be affirmed.